TRULINCS 20953041 - HANSMEIER, PAUL R - Unit: SST-K-C
--------------------------------------------------------------------------------

FROM: 20953041
TO:
SUBJECT: Summons (MN State District Court)
DATE: 09/09/2020 07:50:24 AM

STATE OF MINNESOTA
_Fourth_ JUDICIAL ~~COUNTY~~ DISTRICT
_Hennepin_ COUNTY DISTRICT COURT

PAUL HANSMEIER,
   Plaintiff,

v.

DAVID MACLAUGHLIN; BENJAMIN LANGER; ERICA MACDONALD; and JOHN DOE

Case No. _Unfiled_
SUMMONS

   Defendant(s).

THIS SUMMONS IS DIRECTED TO: _Erica MacDonald_

1. YOU ARE BEING SUED. The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

2. YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS. You must give or mail to the person who signed this summons a written response called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at:

Paul Hansmeier
20953-041 Unit K3
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN 55072

4. YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS. If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

5. LEGAL ASSISTANCE. You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. Even if you cannot get legal help, you must still provide a written Answer to protect your rights or may lose the case.

6. ALTERNATIVE DISPUTE RESOLUTION. The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

_[signature]_     _September 10, 2020_
Paul Hansmeier
20953-041 Unit K3
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN 55072

TRULINCS 20953041 - HANSMEIER, PAUL R - Unit: SST-K-C
----

FROM: 20953041
TO:
SUBJECT: CFAA/Copyright (State)
DATE: 09/10/2020 10:22:45 AM

STATE OF MINNESOTA / FOURTH JUDICIAL DISTRICT / HENNEPIN COUNTY DISTRICT COURT

--------------------
PAUL HANSMEIER,
   Plaintiff,

v.

DAVID MACLAUGHLIN; BENJAMIN LANGER;
ERICA MACDONALD; and JOHN DOE,
   Defendants.
--------------------

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Case No. Unfiled

I. Parties

   1. Hansmeier is an inmate at Sandstone FCI in Sandstone, Minnesota.

   2. Defendants David MacLaughlin and Benjamin Langer are line prosecutors assigned to the criminal case that is at issue in this case. Erica MacDonald is the U.S. Attorney for the District of Minnesota. MacDonald is sued in her official capacity.

   3. Defendant John Doe is a natural person who used Internet Protocol Address 186.94.263.80 on June 29, 2020.

II. Jurisdiction

   4. This action arises under the U.S. Constitution. The United States has waived its sovereign immunity pursuant to 5 U.S.C. 702. This Court has concurrent jurisdiction over Hansmeier's claims. This Court may award Hansmeier declaratory and injunctive relief pursuant to the Minnesota Declaratory Judgment Act and this Court's inherent equitable jurisdiction.

III. Facts

   5. Hansmeier is the owner by assignment of the copyright in a short video (the "Video"). Hansmeier asked an investigator to publish the Video on the Internet. The investigator published the video on the Internet via the website: BootyTape.com.

   6. On June 29, 2020, John Doe, acting via Internet Protocol Address 186.94.203.80, logged onto the website, browsed the website until he found the Video and used specialized software (i.e. BitTorrent software) to access the investigator's computer and make a copy of the Video for himself.

   7. Hansmeier wishes to amend this complaint to add claims against John Doe for copyright infringement, 17 U.S.C. 501(a), and for violations of the Computer Fraud and Abuse Act's "Access Provision." 18 U.S.C. 1030(a)(2)(c) (the "Copyright Enforcement claims"). Hansmeier is chilled and prohibited from doing so by the credible threat of jeopardy he faces under the federal mail fraud, wire fraud and extortion statutes. 18 U.S.C. 3141, 3143 and 1951, respectively (the "Challenged Statutes").

   8. In 2016, the U.S. Attorney for the District of Minnesota charged Hansmeier with federal mail and wire fraud based in relevant part on allegations that Hansmeier's use of an investigator in the manner described in paragraphs 5-6, supra, resulted in meritless copyright enforcement claims and that Hansmeier concealed his use of an investigator and his involvement with the claims. In its appellate briefing the government repeatedly referred to Hansmeier's copyright enforcement activity as the uncharged offense of extortion. The indictment in Hansmeier's criminal case is publicly available at United States v. Hansmeier, 16-cr-334 (D. Minn.). The government's appellate brief is publicly available at United States v. Hansmeier, 19-2386 (8th Cir.).

   9. In his anticipated Copyright Enforcement claims, Hansmeier will proactively address many of Defendants' allegations of wrongdoing. Specifically, Hansmeier will be the named plaintiff with respect to the Copyright Enforcement claims and Hansmeier's amended complaint will disclose Hansmeier's use of an investigator--which, of course, is already disclosed at paragraphs 5 and 6, supra. These aspects of Hansmeier's anticipated Copyright Enforcement claims will eliminate any reason for Defendants to claim that Hansmeier is concealing his use of an investigator or his involvement in the claims.

CASE 0:20-cv-02156-SRN-LIB   Doc. 1-1   Filed 10/13/20   Page 3 of 14

TRULINCS 20953041 - HANSMEIER, PAUL R - Unit: SST-K-C
--------------------------------------------------------------------------------

10. Hansmeier's anticipated Copyright Enforcement claims will not completely eliminate Defendants' objections to Hansmeier's Copyright Enforcement methods. Critically, Hansmeier will continue to assert claims that arose from Hansmeier's use of an investigator in the manner descripted in paragraphs 5 and 6, supra. Defendants believe these claims are meritless, but legal authority demonstrates these claims are meritorious (or, at a bare minimum, colorable). See, e.g., Capitol Records, Inc. v. Thomas, 579 F. Supp. 2d 1210, 1216 (D. Minn. 2008) ("Eighth Circuit precedent clearly approves of the use of investigators by copyright holders."); 4-13 Nimmer on Copyright 13.09[B] ("[U]se of ... undercover investigators and the like to ferret out infringement is routine, and provides no defense."). Hansmeier is compelled to choose between abandoning the Copyright Enforcement claims or asserting the claims under threat of civil and criminal liability under the Challenged Statutes.

11. The application of the Challenged Statutes to the Copyright Enforcement claims fundamentally violates Hansmeier's rights under the First, Fifth and Tenth Amendments to the U.S. Constitution, and allows Defendants to impermissibly intrude upon powers delegated by the U.S. Constitution to the coordinate branches of federal government. For these reasons, Hansmeier now brings this lawsuit to enjoin Defendants from further constitutional violations.

IV. FIRST CAUSE OF ACTION-VIOLATION OF THE FIRST AMENDMENT (AS APPLIED)

12. The First Amendment to the U.S. Constitution guarantees Hansmeier the rights to free speech, to free assembly, and to petition the government.

13. Hansmeier exercises these rights when he pursues the Copyright Enforcement claims against John Doe.

14. The application of the Challenged Statutes to Hansmeier's Copyright Enforcement claims violates the First Amendment by curtailing Hansmeier's exercise of his First Amendment rights.

15. This violation causes ongoing and irreparable harm to Hansmeier, who has no adequate remedy at law for Defendants' wrongful conduct. Absent immediate injunctive relief, Hansmeier will continue to suffer irreparable harm.

V. SECOND CAUSE OF ACTION-VIOLATION OF THE FIFTH AMENDMENT (AS APPLIED)

16. The Due Process Clause of the Fifth Amendment to the U.S. Constitution provides that "No person shall ... be deprived of life, liberty or property without due process of law."

17. The Challenged Statutes, as applied to the Copyright Enforcement claims, are unconstitutionally vague as they fail to define a criminal offense in a manner definite enough to notify an ordinary person what conduct is prohibited.

18. The vagueness of the Challenged Statutes, as applied to the Copyright Enforcement Claims, chills and deters speech, expressive and petitioning activity protected by the First Amendment.

19. The Challenged Statutes violate the Due Process Clause of the Fifth Amendment as applied to the Copyright Enforcement claims.

20. This violation causes ongoing and irreparable harm to Hansmeier, who has no adequate remedy at law for Defendants' wrongful conduct. Absent immediate injunctive relief, Hansmeier will continue to suffer vagueness harm.

VI. THIRD CAUSE OF ACTION-VIOLATION OF THE SEPARATION OF POWERS (AS APPLIED)

21. Article I Section 1 of the U.S. Constitution vests the legislative power in Congress. The legislative power is the power to make the law. Congress exercised this power by creating the Copyright Act and the Computer Fraud and Abuse Act.

22. Article I Section 8 of the U.S. Constitution vests Congress with the power "to promote the ... useful Arts...." Congress exercised this power by creating the Copyright Act.

23. Article III Section 1 of the U.S. Constitution vests the federal judicial power in the Supreme Court and the lower courts created by Congress. The judicial power is the power to interpret the law. The Judiciary has exercised this power by interpreting the Copyright Act and the Computer Fraud and Abuse Act.

24. Defendants are using the Challenged Statutes to rewrite the law of copyright enforcement in a manner that adds requirements for the Copyright Enforcement claims that are not based in the texts of the statues or judicial interpretations

CASE 0:20-cv-02156-SRN-LIB   Doc. 1-1   Filed 10/13/20   Page 4 of 14

TRULINCS 20953041 - HANSMEIER, PAUL R - Unit: SST-K-C
----------------------------------------------------------------------------------

thereof.

25. The Challenged Statutes, as applied to the Copyright Enforcement claims, unconstitutionally intrude upon Congress' powers to make the law and promote the useful arts and the Judiciary's power to interpret the law.

26. Defendants' violation causes ongoing and irreparable harm to Hansmeier, who has no adequate remedy at law. Absent immediate injunctive relief, Hansmeier will continue to suffer irreparable harm.

VII. FOURTH CAUSE OF ACTION-VIOLATION OF THE TENTH AMENDMENT

27. The Tenth Amendment prohibits the federal government from exercising powers not expressly delegated to it by the U.S. Constitution, and reserves those powers to the States or to the people.

28. Under the Constitution, the States retain the power to operate their own courts, including the power for State courts to decide cases brought before the courts created by the States.

29. The Challenged Statutes, as applied to the Copyright Enforcement claims, violate the Tenth Amendment by impermissibly intruding on the power of the States to create and administer courts and to decide claims presented to them.

30. This violation causes ongoing and irreparable harm to Hansmeier, who has no adequate remedy at law. Absent immediate injunctive relief, Hansmeier will continue to suffer irreparable harm.

VIII. FIFTH CAUSE OF ACTION-DECLARATORY JUDGMENT

31. An actual controversy has arisen between Hansmeier and Defendants. The parties have genuine and opposing interests, which are direct and substantial.

32. A judicial determination of the parties' rights and other legal relations would provide final and conclusive relief. Absent such a determination, Hansmeier will continue to suffer an invasion of his constitutional rights due to Defendants' wrongful conduct.

33. Hansmeier is entitled to a declaration that Defendants cannot lawfully enforce the Challenged Statutes against Hansmeier.

PRAYER FOR RELIEF

Plaintiff respectfully prays for the following relief:

A. That the Court find and declare: As applied to the Copyright Enforcement claims, the Challenged Statutes violate the First, Fifth and Tenth Amendments;

B. The the Court enter an order permanently enjoining Defendants, their officers, agents, representatives, servants, employees, successors and assigns, and all other persons in active concert or participation with them, from: Enforcing or threatening to enforce the Challenged Statutes against Hansmeier based on his assertion of the Copyright Enforcement claims against John Doe;

C. That Defendants be required to pay to Hansmeier both the costs of this action and reasonable attorneys' fees incurred by Hansmeier in pursuing this action, pursuant to 5 U.S.C. 504, 28 U.S.C. 2142, and any other statute or other rule of law or equity which permits such an award; and

D. That Hansmeier be awarded such other, further, and additional relief as the Court deems just and equitable.

*Paul* [signature]                                   Dated: 9/10/20

Paul Hansmeier
20953-041 Unit K3
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN 55072

TRULINCS 20953041 - HANSMEIER, PAUL R - Unit: SST-K-C
--------------------------------------------------------------------------------

FROM: 20953041
TO:
SUBJECT: ADA Complaint (1 of 3)
DATE: 09/04/2020 07:18:32 AM

I. Introduction.

1. This lawsuit challenges the constitutionality of the federal mail fraud, wire fraud, and extortion statutes, 18 U.S.C. 1341, 1343 and 1951, respectively (the "Challenged Statutes"), federal statutes that prohibit and chill Hansmeier from aiding and encouraging petitioning activity to address Defendant Lookers Gentlemen's Club ongoing discrimination against people with disabilities. This lawsuit also seeks an injunction to prevent Defendants from coercing, intimidating, threatening or interfering with Hansmeier on account of his aiding and encouraging people with disabilities to engage in petitioning activity to address Lookers' ongoing discrimination against people with disabilities.

2. Lookers Gentlemen's Club LLC ("Lookers") is a gentlemen's club in Carlos, Minnesota, that discriminates against people with disabilities.

3. The Government Defendants are authorized to enforce the Americans With Disabilities Act ("ADA") against Lookers, 42 U.S.C 12188(b), but ADA enforcement actions by the Attorney General are rare and the Government Defendants are thus unlikely to address Lookers's ongoing discrimination against people with disabilities. Without a private enforcement action, the American public will have no way to stop Lookers from discriminating against people with disabilities.

4. Private enforcement has long been recognized as a crucial way to stop discrimination on the basis of disability and to vindicate the ADA. Private enforcement involves a person with a disability visiting a facility covered by the ADA, determining whether the facility is discriminating against them, and, if they experience discrimination, petitioning the courts for relief under the ADA. Private enforcement actions are often resolved through settlements, which involve a combination of an agreement by the business to stop the discrimination at issue and a monetary payment---much as with a consent decree between the federal government and a private business.

5. The federal mail and wire fraud statutes create liability when a person uses the mail or wires to execute a scheme to defraud. 18 U.S.C. 1341 and 1343. The federal extortion statute creates liability when a person obtains property from another, with his consent, via the wrongful use of actual or threatened force, violence or fear. 18 U.S.C. 1951. Federal prosecutors and civil defendants have interpreted the Challenged Statutes to make it a crime to bring private ADA enforcement actions in which the plaintiff makes a monetary demand in connection with settlement. Certain federal judges, too, have openly chastised plaintiffs who demand money in connection with the settlement of an ADA claim and have even gone as far as to use the activity of aiding and encouraging people with disabilities to enforce their rights under the ADA against people who are discriminating against them as relevant conduct for criminal sentencing purposes. Serial ADA plaintiffs, i.e. plaintiffs who challenge discrimination on the basis of disability in a systematic manner, are at a particularly heightened risk being accused of violating the Challenged Statutes due to the structural political unpopularity (i.e. one plaintiff versus many defendants) of such activity. As a result, Hansmeier risks prosecution and civil liability under criminal statutes for encouraging plaintiffs, and in particular serial ADA plaintiffs, to enforce the ADA against Lookers to stop Lookers' ongoing discrimination against people with disabilities where, as will be the case here, the plaintiff is likely to be a serial plaintiff and the plaintiff's settlement demand will likely include a demand for a monetary payment in addition to a demand to cease the discrimination.

6. The criminalization of private ADA enforcement involving a monetary demand is of real concern given the complexity of ADA litigation and the expense of hiring an attorney to provide representation. In recognition of the importance of legal representation in ADA actions, Congress authorized prevailing ADA plaintiffs to recover attorneys' fees at the court's discretion. 42 U.S.C. 12205. Congress also recognized the importance of negotiated resolutions of ADA claims and included a section in the ADA which specifically encourages the use of settlement negotiations. 42 U.S.C. 12212. People with disabilities who cannot afford a lawyer will have difficulty obtaining representation if an attorney would violate the Challenged Statutes and thus engage in criminal activity by requesting a monetary recovery in a settlement demand---as an attorney would rely on that payment to be compensated for their services. As a result of the criminalization of private ADA enforcement, many people with disabilities will, contrary to Congressional intent, be forced to proceed pro se in their ADA actions and have a much lower chance of success on the merits than they would if they had representation paid for by the people engaged in discrimination.

7. Hansmeier wishes to aid and encourage people with disabilities to engage in petitioning activity to address Lookers' ongoing discrimination against people with disabilities. Hansmeier expects that the people he aids and encourages will be serial litigants who will attempt to settle their claims via a settlement demand that consists of a demand that Lookers cease its discrimination and make a monetary payment. Hansmeier is limited and prohibited from doing so based on the Challenged

-1-

CASE 0:20-cv-02156-SRN-LIB   Doc. 1-1   Filed 10/13/20   Page 6 of 14

TRULINCS 20953041 - HANSMEIER, PAUL R - Unit: SST-K-C
--------------------------------------------------------------------------------

Statutes' criminalization private ADA enforcement actions and the chilling effect of Defendants' threats, coercion, intimidation and interference.

8. Hansmeier's activities, which will include aiding and encouraging people with disabilities to engage in petitioning activity to address Lookers' ongoing discrimination against people with disabilities, constitutes speech, expressive activity and petitioning activity that is protected by the First Amendment and the ADA's participation clause. The overbroad and indeterminate nature of the Challenged Statutes' application to private ADA enforcement prohibits and chills a range of speech, expressive activity and petitioning activity protected by the First Amendment and the ADA's participation clause, because it prevents and chills Hansmeier from aiding and encouraging robust ADA enforcement against Lookers.

9. Defendants' enforcement of the Challenged Statutes against private ADA enforcement overrides the plain text of the ADA and judicial interpretations of the ADA. Defendants' enforcement of the Challenged Statutes against private ADA enforcement thus impermissibly intrudes upon powers delegated by the U.S. Constitution to the Legislative and Judicial branches of the federal government.

10. Hansmeier therefore brings this action to enjoin Defendants' enforcement of the Challenged Statutes as applied to him, as violating the First Amendment and the Due Process Clause of the Fifth Amendment to the U.S. Constitution, the participation clause of the ADA and as impermissibly interfering with powers delegated to the Legislative and Judicial branches of the federal government. Hansmeier also seeks to enjoin Defendants from using threats, coercion, interference and intimidation against him based on his aiding and encouraging people with disabilities to engage in petitioning activity to address Lookers ongoing discrimination against people with disabilities.

II. Jurisdiction and Venue

11. This is an action for declaratory and injunctive relief pursuant to the participation clause of the Americans With Disabilities Act and the First and Fifth Amendments to the U.S. Constitution. This Court has concurrent jurisdiction over the federal causes of action.

12. Venue in this district is proper because Defendants have sufficient contacts to be subject to personal jurisdiction in this judicial district.

III. Parties

13. Defendants David MacLaughlin and Benjamin Langer are the line prosecutors assigned to Hansmeier's criminal case in United States v. Hansmeier, 16-cr-334 (D. Minn.). Messers.

14. Defendant Erica MacDonald is the United States Attorney for the District of Minnesota. MacDonald oversees the enforcement of federal criminal statutes in the District of Minnesota. As the head of the United States Attorneys' Office for the District of Minnesota, MacDonald supervises its officers and employees, including Messrs. MacLaughlin and Langer. MacDonald is sued in her official capacity.

15. Lookers Gentlemen's Club LLC owns and operates Lookers Gentlemen's Club in Carlos, Minnesota, a privately-owned business that serves food and drink, which is thus a place of public accommodation within the meaning of the ADA.

16 - 29.  [Reserved]

[intentionally left blank]

TRULINCS 20953041 - HANSMEIER, PAUL R - Unit: SST-K-C

---

FROM: 20953041
TO:
SUBJECT: ADA Complaint (2 of 3)
DATE: 09/04/2020 07:19:57 AM

IV. Facts

  A. The Challenged Statutes.

    30. The federal mail and wire fraud statutes, 18 U.S.C. 1341 and 1343, respectively (the "Challenged Statutes") prohibit "any scheme to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises...." using the mails or the wires. 18 U.S.C. 1341 and 1343.

    31. A violation of the mail-wire fraud statutes carries a twenty year maximum prison sentence and a fine. 18 U.S.C. 1341 and 1343.

    32. The language "scheme to defraud" is not defined by statute. In its litigation against Hansmeier, the Government Defendants have interpreted the language as being measured by a nontechnical standard that reflects moral uprightness, fundamental honesty, fair play and right dealing in personal and business life of society's members. This interpretation has also been used by the courts and civil counterclaimants.

    33. The federal extortion statute imposes criminal liability on "whoever in any way or degree obstructs, delays, or affects commerce or the movements ... by robbery or extortion...." 18 U.S.C. 1951(a).

    34. "Extortion" is defined as "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, under color of official right." 18 U.S.C. 1951(b)(2).

    35. A violation of the extortion statute carries a twenty year maximum prison sentence and a fine. 18 U.S.C. 1951(a).

    36. The Government Defendants and civil defendants have interpreted the term "extortion" as covering litigation conduct which pressures a defendant into paying money to settle a civil claim.

    37. Hansmeier has a reasonable fear and belief that encouraging people with disabilities to engage in petitioning activity against Lookers based on its ongoing discrimination against people with disabilities would subject him to civil and criminal liability and criminal prosecution under the Challenged Statutes. This is true because, among other reasons:

    a. The Government Defendants threatened Hansmeier with criminal prosecution under the Challenged Statutes based on his aiding and encouraging people with disabilities to enforce their rights under the ADA;

    b. The Government Defendants used Hansmeier's aiding and encouraging people with disabilities to enforce their rights under the ADA as a basis for advocating for a much lengthier sentence for Hansmeier in the criminal case that resulted in Hansmeier's current imprisonment;

    c. The Government Defendants used Hansmeier's aiding and encouraging people with disabilities to enforce their rights under the ADA as a basis for claiming that Hansmeier was a threat to public safety;

    d. The Government Defendants dispatched Federal Bureau of Investigation agents to intimidate Hansmeier's now former clients with disabilities;

    e. The Government Defendants have previously prosecuted Hansmeier under the mail-wire fraud statutes based on their objections to Hansmeier's litigation methods. United States v. Hansmeier, 16-cr-334 (D. Minn.) (charging Hansmeier with mail-wire fraud based in relevant part on allegations that Hansmeier used a copyright enforcement method that has been authorized by the Eighth Circuit and district courts nationwide, but which the Government Defendants found to be objectionable);

    f. In their response brief in Hansmeier's appeal of his judgment of conviction, the Government Defendants characterized Hansmeier's litigation methods as the uncharged offense of extortion;

    g. Civil defendants who are sued for discriminating against people with disabilities have, on several occasions, brought counterclaims alleging violations of the Challenged Statutes as predicate acts to support civil RICO claims; and

h. In a public filing, the Government Defendants used a cruel slur to refer to people with disabilities and those who assist them in enforcing their rights under the ADA.

B. Coercion, Intimidation, Threats or Interference

38. The ADA provides that Defendants may not coerce, intimidate, threaten or interfere with Hansmeier on account of his aiding and encouraging people with disabilities to enforce their rights under the ADA against Lookers. 42 U.S.C. 12203(b).

39. Hansmeier has a significant level of experience with ADA enforcement litigation. He represented ADA plaintiffs as an attorney and, after his law license was suspended, he worked as a paralegal in an ADA enforcement law firm. He has filed hundreds of complaints, won multiple appeals, prevailed at trial and defeated all forms of challenges to his clients' cases.

40. Based on Hansmeier's extensive experience, Hansmeier has a reasonable fear and belief that Defendants will coerce, intimidate, threaten and interfere with him on account of his aiding and encouraging people with disabilities to enforce their rights under the ADA against Lookers.

41. The defendants in Hansmeier's clients' cases commonly used coercion, intimidation, threats and interference as a tactic for responding to the ADA enforcement claims brought by Hansmeier's clients. Defendants would:

   a. File frivolous reports with law enforcement against Hansmeier and his clients;

   b. File frivolous ethics complaints against Hansmeier;

   c. Pitch frivolous "hit pieces" to local media companies;

   d. Threaten Hansmeier over the phone;

   e. Follow/stalk Hansmeier's clients around the small town where they lived; and

   f. Physically assault Hansmeier's clients.

42. The Government Defendants have also used coercion, intimidation, threats and interference to dissuade Hansmeier from aiding and encouraging people with disabilities to enforce their rights under the ADA. The Government Defendants:

   a. Dispatched Federal Bureau of Investigation agents to intimidate Hansmeier's clients and, by extension, Hansmeier;

   b. Threatened Hansmeier with criminal charges based on his representation of people with in ADA enforcement litigation;

   c. Described Hansmeier as a "threat to public safety" based on his representation of people with disabilities; and

   d. In a public filing, used a cruel slur to refer to people with disabilities and Hansmeier.

43. As a federal inmate, Hansmeier is particularly vulnerable to Defendants' coercion, intimidation, threats and interference. The Government Defendants have power over virtually every aspect of Hansmeier's life.

44. Based on the foregoing, the Defendants are and will continue to coerce, intimidate, threaten and interfere with Hansmeier's aiding and encouraging people with disabilities to petition the courts to enforce their rights under the ADA against Lookers.

C. Hansmeier's plan

45. Hansmeier plans to aid and encourage people with disabilities to enforce their rights under the ADA against Lookers by petitioning the courts for relief.

46. Hansmeier has experience at all stages of an ADA lawsuit, ranging from presuit investigation, to drafting the complaint, defeating motions to dismiss, participating in discovery, attending court ordered settlement conferences, succeeding at the summary judgment stage, winning at trial and prevailing on appeal. Based on this experience, and what he understands about Lookers, it is Hansmeier's judgment that Lookers is discriminating against people with disabilities and that a case could be

CASE 0:20-cv-02156-SRN-LIB   Doc. 1-1   Filed 10/13/20   Page 9 of 14

TRULINCS 20953041 - HANSMEIER, PAUL R - Unit: SST-K-C
----------------------------------------------------------------------------------------------------

brought against Lookers in good faith (and would almost certainly succeed if properly litigated).

47. As a result of his experience as an attorney representing people with disabilities in enforcing their rights under the ADA, Hansmeier has met and been contacted by numerous people with disabilities who have been willing to shoulder the burden of enduring litigation to address discrimination on the basis of disability.

48. Hansmeier's planned assistance and encouragement will include:

   a. Informing people with disabilities of Lookers' ongoing discrimination against people with disabilities and encouraging them to petition the courts for relief;

   b. Assisting interested parties by providing a referrals to other people with disabilities who are experienced plaintiffs, an attorney who can assist them with bringing suit, referral to state resources to help advise them of their rights, and referral to Certified Accessibility Specialists who can help them assess their claim; and

   c. Sharing the benefit of his successful experience in this area with the attorneys retained by the people with disabilities, including by encouraging the attorneys to take legal positions in the litigation that the Defendants will find to be objectionable.

49. Hansmeier expects that his efforts will result in people with disabilities who are serial plaintiffs engaging in petitioning activity against Lookers and demanding a monetary payment as part of settlement. Further, Hansmeier expects that some of the referrals mentioned above will be referals to his family members who are experienced in ADA enforcement litigation. Hansmeier's familial relationship will be known or disclosed to the people he encourages and assists in petitioning the courts for relief.

50. Hansmeier is concerned that his encouragement and assistance will subject him to criminal prosecution under the Challenged Statutes. Hansmeier has already begun some of the activities that are part of the plan described above. He plans to continue to engage in this plan because he believes it to be socially valuable and important and he wishes to help his family members.

51. Hansmeier does not wish to be exposed to criminal prosecution as a result of aiding and encouraging people with disabilities to petition the courts to address Lookers' ongoing discrimination against people with disabilities.

D. Hansmeier's Injuries

52. Hansmeier has the goal of aiding and encouraging people with disabilities to petition the courts for relief to address Lookers' ongoing discrimination against people with disabilities.

53. Hansmeier's goal and plan for achieving that goal would, if carried out, violate the Challenged Statutes as they have been applied against Hansmeier in the past because they would involve petitioning activity that the Defendants disapprove of (including the participation of a serial plaintiff) and a demand for a monetary payment. Hansmeier's plan would not be criminal but for the Challenged Statutes.

54. Hansmeier's goal and plan for achieving that goal would, if carried out, expose Hansmeier to Defendants' threats, coercion, intimidation and interference based on Defendants' ongoing threats, coercion, intimidation and interference based on Hansmeier's aiding and encouraging people with disabilities to enforce their rights under the ADA and based on the new threats, coercion, intimidation and interference that Hansmeier expects Defendants to use.

55. Hansmeier is injured because he is placed in the position of either refraining from aiding and encouraging people with disabilities to petition the courts to address Lookers' ongoing discrimination against people with disabilities---which constitutes constitutionally-protected speech, expressive and petition activity, or conduct necessarily antecedent to such speech, expressive or petitioning activity---or of exposing himself to the risk of prosecution under the Challenged Statutes and further threats, intimidation, coercion and interference from the Defendants. Refraining from conducting his plan constitutes self-censorship and a loss of Hansmeier's First Amendment rights.

56. As applied to Hansmeier, the Challenged Statutes and Defendants' current and anticipated coercion, threats, interference and intimidation chills Hansmeier's aiding and encouraging people with disabilities to petition the courts to address Lookers' ongoing discrimination against people with disabilities for the following reasons: 1) because Hansmeier is placed in reasonable fear of being prosecuted for engaging in constitutionally-protected expressive activity to aid and encourage people with disabilities to petition the courts for relief, or 2) because he must alter or modify his plans in a manner that may be less

TRULINCS 20953041 - HANSMEIER, PAUL R - Unit: SST-K-C

----------

likely to result in petitioning activity or success on the merits of a claim against Lookers, or 3) because he must refrain from aiding and encouraging people with disabilities to petition the courts to address Lookers' ongoing discrimination against people with disabilities to avoid the risk of prosecution.

[intentionally left blank]

TRULINCS 20953041 - HANSMEIER, PAUL R - Unit: SST-K-C
---

FROM: 20953041
TO:
SUBJECT: ADA Complaint (3 of 3)
DATE: 09/04/2020 06:17:48 AM

- E. The Challenged Statutes Violate the First Amendment As Applied To Hansmeier

57. The Challenged Statutes violate the First Amendment as applied to Hansmeier. In order to aid and encourage people with disabilities in petitioning the courts for relief to address Lookers' ongoing discrimination against people with disabilities, Hansmeier wishes to engage in protected speech, expressive activity and petitioning activity which are rendered criminal by the Challenged Statutes. But such conduct enjoys First Amendment protection.

58. The freedom to petition the courts for relief and engage in the speech and expressive conduct that is antecedent to petitioning is of paramount public importance and entitled to full protection under the First Amendment. Plaintiff and people with disabilities should not be restricted in using otherwise lawful tools and techniques simply because the Defendants disapprove of serial litigation and monetary demands.

59. As applied to Hansmeier, the Challenged Statutes fail strict scrutiny. The Government Defendants (and the Defendants in general), far from having a compelling interest in preventing Hansmeier's speech, expressive and petitioning activity, have an interest in ensuring the enforcement of anti-discrimination laws online and in citizens availing the courts to resolve their disputes rather than resorting to self-help remedies. The Government Defendants' interests in promoting good behavior in the courts is more adequately served by judicial oversight and the existing framework of rules and laws which govern litigation conduct in federal court.

F. The Challenged Statutes Are Vague, In Violation Of The Due Process Clause

60. The Challenged Statutes, which as applied to Hansmeier's intended course of conduct prohibit Hansmeier from aiding and encouraging people with disabilities to petition the courts for relief to address Lookers' ongoing discrimination against people with disabilities, are void for vagueness.

61. The Challenged Statutes fail to notify ordinary people that it is criminal to aid and encourage people to petition the courts for relief because the language of the statutes does not provide adequate notice that an individual must refrain from doing so. The plain meaning of the phrases "scheme to defraud" and "wrong" does not clearly cover instances where a person with a disability petitions a court for relief under the ADA to address ongoing discrimination at a place of public accommodation---even when the petitioner is a serial plaintiff and seeks a monetary payment as part of settlement.

62. Because the Challenged Statutes chill speech, expressive activity and petitioning activity as described above, the Due Process Clause requires a heightened degree of statutory specificity. The vagueness of the Challenged Statutes fails to give reasonable notice of what conduct is prohibited, invites arbitrary and discriminatory enforcement, and deters constitutionally-protected speech. As applied to Hansmeier's intended course of conduct, it thus violates the Due Process Clause.

G. The Defendants' Use Of The Challenged Statutes To Criminalize Private ADA Enforcement Impermissibly Intrudes Upon Powers Delegated To Other Branches Of Government.

63. As described above the plain text of the ADA authorizes people with disabilities to bring private enforcement actions and to settle those actions for money, among other forms of relief.

64. Congress exercised its legislative authority to authorize private ADA enforcement, including private ADA enforcement brought by a serial litigant who proposes a settlement that includes a monetary recovery.

65. The federal courts have exercised their judicial power to interpret the ADA and have rejected the interpretations of the ADA that are implicitly advanced by the Defendants' criminalization of private ADA enforcement.

66. Defendants' current and anticipated criminalization of private ADA enforcement overrides and thus impermissibly intrudes upon the legislative and judicial powers created by the U.S. Constitution.

H. Coercion, Threats, Intimidation And Interference

67. As described above, the Government Defendants and private defendants to anti-discrimination lawsuits have used and

CASE 0:20-cv-02156-SRN-LIB   Doc. 1-1   Filed 10/13/20   Page 12 of 14

TRULINCS 20953041 - HANSMEIER, PAUL R - Unit: SST-K-C
----------------------------------------------------------------------------------------

can be expected to use coercion, threats, intimidation and interference to deter Hansmeier from aiding and encouraging people with disabilities to enforce their rights under the ADA.

68. Hansmeier intends to aid and encourage people with disabilities to petition the courts for relief under the ADA to address Lookers' ongoing discrimination against people with disabilities.

69. Defendants are and will engage in coercion, threats, intimidation and interference to deter and prevent Hansmeier from aiding and encouraging people with disabilities to enforce their rights under the ADA to address Lookers' ongoing discrimination against people with disabilities.

70. Hansmeier's aiding and encouraging people with disabilities to enforce their rights under the ADA to address Lookers' ongoing discrimination against people with disabilities will be the cause of Defendants coercion, threats, intimidation and interference.

V. First Cause of Action - First Amendment (As Applied)

71. Hansmeier re-alleges and incorporates by reference all allegations set forth above.

72. The Petition Clause of the First Amendment provides that "Congress shall make no law abridging the right of the people ... to petition the Government for a redress of grievances." U.S. Const. amend. I. The Free Speech Clause of the First Amendment to the U.S. Constitution provides: "Congress shall make no law abridging the freedom of speech...."

73. Defendant's application of the Challenged Statutes to Hansmeier's plan to aid and encourage people with disabilities to petition the courts for relief to address Lookers' ongoing discrimination against people with disabilities impermissibly interferes with and prohibits the speech necessary to petition the courts for relief. Defendant's application of the Challenged Statutes to Hansmeier also prevents the speech and expressive activity necessary to petition the courts for relief.

74. Defendant's application of the Challenged Statutes to Hansmeier's planned conduct is not justified by a legitimate, compelling, or overriding government interest.

75. Defendant's application of the Challenged Statutes to Hansmeier's planned conduct is not narrowly tailored to achieve a legitimate, compelling, or overriding government interest.

76. Defendant's application of the Challenged Statutes to Hansmeier's planned conduct violates the Petition and Speech Clauses of the First Amendment.

77. Defendant's violation causes ongoing and irreparable harm to Hansmeier, who has no adequate remedy at law. Absent immediate injunctive relief, Hansmeier will continue to suffer irreparable harm.

VI. Second Cause of Action - Void For Vagueness (As Applied)

78. Hansmeier re-alleges and reincorporates by reference all allegations set forth above.

79. The Due Process Clause of the Fifth Amendment to the U.S. Constitution provides that: "No person shall ... be deprived of life, liberty or property without due process of law.

80. The Challenged Statutes, as applied to Hansmeier's planned conduct, are unconstitutionally vague as they fail to define a criminal offense in a manner definite enough to notify an ordinary person what conduct is prohibited.

81. The vagueness of the Challenged Statutes as applied to Hansmeier's planned conduct, chills and deters speech, expressive activity and petitioning activity protected by the First Amendment.

82. The Challenged Statutes violate the Due Process Clause of the Fifth Amendment.

VII. Third Cause of Action - Separation of Powers

83. Hansmeier re-alleges and reincorporates by reference all allegations set forth above.

84. Article I Section 1 of the U.S. Constitution vests the legislative power in Congress. The legislative power is the power to

TRULINCS 20953041 - HANSMEIER, PAUL R - Unit: SST-K-C
--------------------------------------------------------------------------------

make the law. Congress exercised this power by creating the Americans With Disabilities Act.

85. Article III Section 1 of the U.S. Constitution vests the judicial power in the Supreme Court and the lower courts created by Congress. The judicial power is the power to say what the law is. The judiciary has exercised this power by interpreting the Americans With Disabilities Act.

86. Defendants are using the Challenged Statutes to impose (through actual and threatened criminalization of private ADA enforcement) substantive prohibitions on and requirements for Americans With Disabilities Act enforcement that are not based in the texts of the statutes or judicial interpretations thereof.

87. Defendants' use of the Challenged Statutes in this manner unconstitutionally intrudes upon Congress's power to make make the law and the judiciary's power to interpret the law.

88. Defendants' violation causes ongoing and irreparable harm to Hansmeier, who has no adequate remedy at law. Absent immediate injunctive relief, Hansmeier will continue to suffer irreparable harm.

VIII. Fourth Cause of Action - Intimidation, Coercion, Threats and Interference

89. Hansmeier re-alleges and reincorporates by reference all allegations set forth above.

90. Hansmeier intends to aid and encourage people with disabilities to enforce their rights under the ADA to address Lookers' ongoing discrimination against people with disabilities.

91. Defendants will intimidate, coerce, threaten and interfere with Hansmeier on account of his aiding and encouraging people with disabilities to enforce their rights under the ADA to address Lookers' ongoing discrimination against people with disabilities.

92. Defendants' intimidation, coercion, threats, and interference will occur as a result of Hansmeier's efforts to aid and encourage people with disabilities to enforce their rights under the ADA to address Lookers' ongoing discrimination against people with disabilities.

## PRAYER FOR RELIEF

Hansmeier respectfully requests a judgment:

1. Declaring that the Challenged Statutes as applied to Hansmeier's plan to aid and encourage people with disabilities to enforce their rights under the ADA against Lookers' ongoing discrimination against people with disabilities violates:

a. the Petition Clause of the First Amendment to the U.S. Constitution;
b. the Free Speech Clause of the First Amendment to the U.S. Constitution;
c. the Due Process Clause of the Fifth Amendment to the U.S. Constitution;
d. the balance of powers created by the U.S. Constitution; and
e. the ADA's prohibition against coercion, threats, interference and intimidation on account of aiding and encouraging people with disabilities to enforce their rights under the ADA

2. Permanently enjoining the Defendants, as well as their officers, agents, employees, attorneys, and all other persons in active concert or participation with them, from enforcing or threatening to enforce the Challenged Statutes against Hansmeier with respect to Hansmeier's plan to aid and encourage people with disabilities to enforce their rights under the ADA against Lookers' ongoing discrimination against people with disabilities;

3. Permanently enjoining the Defendants from coercing, intimidating, threatening or interfering with Hansmeier on account of his aiding and encouraging people with disabilities to enforce their rights under the ADA against Lookers' ongoing discrimination against people with disabilities;

4. Awarding Hansmeier's attorneys' fees and costs under the Equal Access to Justice Act, 28 U.S.C. 2142; and

5. Awarding such other and further relief as this Court deems just and proper.

Dated: September 5, 2020

*Paul*

Paul Hansmeier
20953-041 Unit K3
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN 55072

-10-