UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 20-CV-2156 (SRN/LIB)

| | |
|---|---|
| PAUL HANSMEIER,<br><br>  Plaintiff,<br><br>v.<br><br>DAVID MACLAUGHLIN, BENJAMIN LANGER, ERICA MACDONALD; and JOHN DOE,<br><br>  Defendants. | **MEMORANDUM IN SUPPORT OF MOTION TO CONSOLIDATE CASES** |

## Introduction

Defendants David MacLaughlin, Benjamin Langer, and Erica MacDonald ("Federal Defendants") hereby move the Court pursuant to Federal Rule of Procedure 42(a) to consolidate this matter, *Hansmeier v. MacLaughlin, et al.*, No. 20-cv-2156 (D. Minn.), with the prior-filed case of *Hansmeier v. MacLaughlin, et al.*, No. 20-cv-2155 (JRT/LIB) (D. Minn.).  The court should consolidate this matter with the prior-filed case and allow both cases to proceed before Chief Judge Tunheim.

## Argument

Pro se plaintiff Paul Hansmeier commenced an action against the Federal Defendants via delivery of a copy of the Summons and Complaint on the U.S. Attorney's Office in Minneapolis, Minnesota, on September 25, 2020.  Hansmeier appeared to plead claims against the Federal Defendants, as well as Looker's Gentlemen's Club, LLC, in a complaint dated September 5, 2020; those claims were removed and constitute the complaint in *Hansmeier v. MacLaughlin, et al.*, No. 20-cv-2155 (D. Minn.) (JRT/LIB)

(filed Oct. 13, 2020). Hansmeier also alleged additional but related claims in what appeared to be a second complaint dated September 10, 2020; the Federal Defendants separately removed those claims, which now form the complaint in this matter, *Hansmeier v. MacLaughlin, et al.*, No. 20-cv-2156 (D. Minn.) (filed Oct. 13, 2020).

Under Rule 42(a)(2), a court may consolidate actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2). Consolidation is appropriate where the actions involve "common parties, overlapping legal issues, and related factual scenarios, and the consolidation itself [does] not cause unfair prejudice." *Horizon Asset Mgmt. Inc. v. H&R Block, Inc., et al.*, 580 F.3d 755, 768 (8th Cir. 2009). "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018). The court considers "judicial efficiency as well as preventing unnecessary duplication of efforts and expense by the parties" in considering consolidation. *Adedipe v. U.S. Bank, Nat'l Assoc., et al.*, Nos. 13-cv-2687, 13-cv-2944, 2014 WL 835174, *2 (D. Minn. Mar. 4, 2014).

Here, such factors support consolidation. It warrants emphasis that the complaint in this matter states, "Hansmeier wishes to amend this complaint to add claims against John Doe for copyright infringement . . . and for violations of the Computer Fraud and Abuse Act," and it also attaches the same complaint he filed in his prior-filed case against the Federal Defendants and Looker's Gentlemen's Club, LLC. In other words, it appears that Hansmeier may be seeking to amend his complaint in the prior-filed case to include claims against John Doe pertaining to the constitutionality of the mail and wire fraud statutes (as well as other claims) that relate legally and factually to the claims he already raised. But

regardless of whether Hansmeier seeks to amend his complaint and pursue a single case or litigate two separate cases—a question best sorted out before a single district court—it is clear that Hansmeier's claims in both matters exhibit substantial legal and factual overlap. Both complaints seek declaratory judgments that the mail fraud, wire fraud, and extortion statutes (18 U.S.C. §§ 1341, 1343, 1951) are unconstitutional, and both complaints seek injunctive relief to prevent the Federal Defendants from enforcing these statutes against Hansmeier.  Indeed, both complaints involve collateral challenges Hansmeier seeks to litigate relating to his convictions for conspiracy to commit mail fraud and wire fraud, as well as conspiracy to commit money laundering, for which he is currently incarcerated. *United States v. Hansmeier*, No. 16-cr-334 (D. Minn.) (JNE/KMM).  Consolidation would serve the interest of judicial economy, diminish confusion, and prevent duplicative briefing in these legally and factually related matters.

## Conclusion

For the foregoing reasons, this matter, *Hansmeier v. MacLaughlin, et al.*, No. 20-cv-2156, should be consolidated with the prior-filed case, *Hansmeier v. MacLaughlin, et al.*, No. 20-cv-2155, and both cases should proceed before Chief Judge Tunheim.

                                         Respectfully submitted,

Dated: November 20, 2020         ERICA H. MacDONALD
                                         United States Attorney

*s/ Kristen E. Rau*

BY: KRISTEN E. RAU
Assistant U.S. Attorney
Attorney ID No. 0397907
600 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
Kristen.Rau@usdoj.gov
(612) 759-3180