## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

PAUL HANSMEIER,

                  Plaintiff,

v.

                                        Civil No.  20-2155 (JRT/LIB)

DAVID MACLAUGHLIN et al.,

                  Defendants.

---

PAUL HANSMEIER,

                  Plaintiff,

v.

                                        Civil No.  21-1167 (JRT/LIB)

DAVID MACLAUGHLIN et al.,

                  Defendants.

---

PAUL HANSMEIER,

                  Plaintiff,

v.

                                        Civil No.  21-1426 (JRT/LIB)

DAVID MACLAUGHLIN et al.,

                  Defendants.

---

PAUL HANSMEIER,

                  Plaintiff,

v.

                                        Civil No.  21-1537 (JRT/LIB)

DAVID MACLAUGHLIN et al.,

                  Defendants.

---

PAUL HANSMEIER,

Plaintiff,

v.

Civil No.  21-1538 (JRT/LIB)

DAVID MACLAUGHLIN et al.,

Defendants.

PAUL HANSMEIER,

Plaintiff,

v.

Civil No.  21-1539 (JRT/LIB)

DAVID MACLAUGHLIN et al.,

Defendants.

PAUL HANSMEIER,

Plaintiff,

v.

Civil No.  21-1540 (JRT/LIB)

DAVID MACLAUGHLIN et al.,

Defendants.

PAUL HANSMEIER,

Plaintiff,

Civil No.  21-1542 (JRT/LIB)

v.

DAVID MACLAUGHLIN et al.,

Defendants.

PAUL HANSMEIER,

                              Plaintiff,

v.
                                              Civil No.  21-1543 (JRT/LIB)

DAVID MACLAUGHLIN et al.,

                      Defendants.

---

PAUL HANSMEIER,

                              Plaintiff,

v.
                                              Civil No.  21-1547 (JRT/LIB)

DAVID MACLAUGHLIN et al.,

                      Defendants.

---

PAUL HANSMEIER,

                              Plaintiff,

v.
                                              Civil No.  21-1550 (JRT/LIB)

DAVID MACLAUGHLIN et al.,

                      Defendants.

---

PAUL HANSMEIER,

                              Plaintiff,

v.
                                              Civil No.  21-1551 (JRT/LIB)

DAVID MACLAUGHLIN et al.,

                      Defendants.

---

PAUL HANSMEIER,

                              Plaintiff,

v.                                                            Civil No.  21-1552 (JRT/LIB)

DAVID MACLAUGHLIN et al.,

                              Defendants.

PAUL HANSMEIER,

                              Plaintiff,

v.                                                            Civil No.  21-1553 (JRT/LIB)

DAVID MACLAUGHLIN et al.,

                              Defendants.

**ORDER**

Paul Hansmeier, BOP Reg. No. 20953-041, FCI Sandstone, Unit K3, P.O. Box 1000, Sandstone, MN 55071, pro se.

Kristen Elise Rau, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Minneapolis, MN 55415, for defendants.

Plaintiff, proceeding pro se, has filed sixteen actions to challenge the constitutionality of several federal statutes (the "Challenged Statutes") enforced by Defendants David MacLaughlin and Anders Folk (the "Federal Defendants").[1]  (*See, e.g.,*

---

[1] In some of the actions, Erica MacDonald is listed instead of Anders Folk, as she was the United States Attorney for the District of Minnesota until early 2021.

ECF 20-2155, Compl. at 3–11, Oct. 13, 2020, Docket No. 1-1; ECF 20-2156, Compl. at 2–4, Oct. 13, 2020, Docket No. 1–1; ECF 21-1167, Compl. at 5–11, May 6, 2021, Docket No. 1–1.)

Previously, the Court consolidated two of these actions for pretrial proceedings and trial. (ECF 20-2156, Order, Dec. 8, 2020, Docket No. 31.) The Federal Defendants then filed a Second Consolidated Motion to Dismiss.[2] (ECF 20-2155, Am. Compl., Jan. 4, 2021, Docket No. 35; ECF 20-2155, 2nd Consol. Mot. Dismiss, Jan. 29, 2021, Docket No. 40.) However, the lead case no longer presents a live controversy, (*see* ECF 20-2155, Suggestion of Mootness, May 21, 2021, Docket No. 67), and Plaintiff voluntarily dismissed the member case, (*see* ECF 20-2156, Notice Voluntary Dismissal, May 21, 2021, Docket No. 38.) As a result, the Court will deny the Federal Defendants' Second Consolidated Motion to Dismiss as moot.[3]

This is unfortunate, as the Motion seemed to present an opportunity to make meaningful strides towards resolving the issues in dispute. But there is a way forward, as there are thirteen actions involving the same parties and overlapping legal and factual

---

[2] Before consolidation, Defendants filed a motion to dismiss regarding the single ECF 20-2155 action. (ECF 20-2155, Mot. Dismiss, Dec. 8, 2020, Docket No. 19.) After consolidation, but before Plaintiff amended his complaint, Defendants then filed a first consolidated motion to dismiss. (ECF 20-2155, 1st Consol. Mot. Dismiss, Dec. 17, 2020, Docket No. 30.) Both motions should have been withdrawn once they became moot. Accordingly, the Court will deny them.

[3] In fact, as the Court will dismiss the lead case in its entirety, the Court will deny all motions pending in it as moot. With respect to another case that was consolidated months later and thus not listed in the Federal Defendants' Second Consolidated Motion to Dismiss, (*see* ECF 21-748, Order, Apr. 19, 2021, Docket No. 14), as it is now bereft of companions, the Court will order the Clerk to reopen it so that it may be litigated individually.

issues that were never consolidated and thus never administratively closed, and one of them can serve as the means to advance the litigation: ECF 21-1167.  This action will allow the Court to address additional motions brought by the parties, namely whether a filing restriction is warranted or if certain documents should be stricken from the record.[4]  (*See* ECF 21-1167, Mot. Filing Restriction, June 17, 2021, Docket No. 22; ECF 21-1167, Mot. Strike, July 9, 2021, Docket No. 35.)  What is missing from the action, however, is a motion to dismiss, as the Federal Defendants sought to consolidate the thirteen actions with ECF 20-2155 rather than file individual motions to dismiss.

Thus, the Court will instruct the Federal Defendants to file a motion to dismiss in ECF 21-1167, if they still desire to challenge Plaintiff's claims, and the Court will not entertain any other motion or request in ECF 21-1167 while the motion to dismiss is pending.  Additionally, so that the sprawling litigation does not further strain the Court's or the parties' resources, the Court will stay all proceedings in the remaining fourteen actions and in any future action involving the Challenged Statutes, Plaintiff, and the

---

[4] Two other motions are pending in the action, (*see* ECF 21-1167, Mot. Remand, May 17, 2021, Docket No. 12; ECF 21-1167, Mot. Ltd. Evid. Hearing, June 28, 2021, Docket No. 31), which the Court will dismiss.  The Court will dismiss Plaintiff's Motion for Limited Evidentiary Hearing, as no additional evidence is needed to decide whether removal was proper.  The Court will dismiss Plaintiff's Motion to Remand because removal of the action was proper under 28 U.S.C. § 1441(a), as Portland Corporate Center, LLC was not properly served, (ECF 21-1167, Decl. Anna Rollinger ¶¶ 10–14, June 19, 2021, Docket No. 19), and thus its consent to removal was not required. Further, removal was proper under 28 U.S.C. § 1442(a)(1), as Plaintiff seeks to enjoin federal officers from performing acts under color of office.  *Accord State of Florida. v. Cohen*, 887 F.2d 1451, 1453 (11th Cir. 1989) (per curiam); *Murray v. Murray*, 621 F.2d 103, 107 (5th Cir. 1980); *see also Jacks v. Meridian Res. Co., LLC*, 701 F.3d 1224, 1230 (8th Cir. 2012) (stating that the statute should be broadly construed).

Federal Defendants until the motion to dismiss in ECF 21-1167 is decided.  The Court elects this course of action because deciding the motion to dismiss will potentially be dispositive of all actions, and thus it likely offers the most expeditious path forward.[5]

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Motions in ECF 20-2155 [Docket Nos. 19, 30, 40, 77, 89, 98] are **DENIED as moot**.

2. The ECF 20-2155 action is **DISMISSED without prejudice**.

3. **LET JUDGMENT BE ENTERED ACCORDINGLY** in ECF 20-2155.

**IT IS FURTHER ORDERED** that:

1. ECF 20-2156 has been **VOLUNTARILY DISMISSED without prejudice** by Plaintiff pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

2. ECF 21-748 is no longer consolidated with any other action and the Clerk of Court is directed to reopen it.

3. In ECF 21-1167, Plaintiff's Motion to Remand [Docket No. 12] and Motion for Limited Evidentiary Hearing [Docket No. 31] are **DENIED.**

4. In ECF 21-1167, Federal Defendants are instructed to file a motion to dismiss and a memorandum in support fourteen (14) days after entry of this Order.  The Court will not entertain any other motion or request in the action while the motion to dismiss is pending.

5. Until the Court resolves the motion to dismiss in ECF 21-1167 and lifts this Order, all proceedings shall be stayed in ECF 21-748; ECF 21-1426; ECF 21-1537;

---

[5] All of this is said under the assumption that the Federal Defendants will, indeed, file a motion to dismiss in ECF 21-1167.  Of course, if they choose not to, then the Court will lift the stay.

ECF 21-1538; ECF 21-1539; ECF 21-1540; ECF 21-1542; ECF 21-1543; ECF 21-1547; ECF 21-1550; ECF 21-1551; ECF 21-1552; and ECF 21-1553.

6. The terms of the stay in this Order shall apply automatically to actions later instituted in or removed to this Court that involve allegations by Plaintiff that the Challenged Statutes, as enforced by the Federal Defendants, are unconstitutional.  Counsel for the Federal Defendants or Plaintiff, as the case may be, must call to the attention of the Clerk of Court the filing or removal of any such action.


DATED: August 17, 2021
at Minneapolis, Minnesota.

_____
JOHN R. TUNHEIM
Chief Judge
United States District Court